IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

v.                        No. 6:17-cr-60030

**SHAVONNE BYRD**                                                               **DEFENDANT**

**ORDER**

      Before the Court is the Motion to Compel filed herein by the Movant, **SHAVONNE BYRD**, ("BYRD"). ECF No. 48. The Motion has been referred to the undersigned for decision. ECF No. 49. The Court **ORDERED** (ECF No. 50) a response from BYRD's trial counsel, and that Response was filed under seal and *ex parte* on April 27, 2020 (ECF No. 51). The Court has reviewed the Motion and Response and finds a hearing is not necessary.

      In this motion, BYRD states that she is attempting to prepare a post-conviction motion pursuant to 28 U.S.C. § 2255 and moves the Court to issue an order requiring her former attorney, Mr. Matthew Hill, to provide a copy of "the case work file he created in representing the defendant" to her. Mr. Hill states in his response that on April 7, 2020, following notification from the Court *via* the CM/ECF system of her Motion, he provided copies of the following to BYRD: the docket sheet, Indictment, Plea Agreement, Judgment, pleadings filed with the Court during the course of this office's representation of Ms. Byrd in this matter, and case correspondence. ECF No. 51, p. 2 (sealed document). The Court will not require Mr. Hill to provide any other documents to Defendant and, accordingly, BYRD's Motion (ECF No. 48) is **DENIED**.

      The Court would note that BYRD is not entitled to a copy of all documents in her case to go on a "fishing expedition" in the "hope of discovering a flaw in the proceedings which would entitle

-1-

her to make collateral attack on the judgment." *Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964); *see also United States v. Herrera- Zaragosa*, 84 Fed. Appx. 728, 729 (8th Cir. 2004) (affirming district court order denying defendant's request for transcripts and other court documents prior to the filing of a 28 U.S.C. § 2255 motion); *Jennings v. United States*, 2010 W.L. 3200109 (E.D. Cal. Aug. 12, 2010) (denying defendant's request for documents, which included judgment and sentence, presentence report, and transcripts, as defendant failed to explain why the requested documents were specifically needed in relation to his pending § 2255 motion or what specifically he expected to find to show that his request was not merely a fishing expedition); *United States v. Wilson*, 2007 W.L. 4198210, *1 (S.D. Ill. Nov. 26, 2007) (denying defendant's motion for a free copy of the docket sheet, the indictment and his guilty plea and sentencing transcripts where he had no pending matter before the Court, and noting that, "Defendants have no constitutional right to a complimentary copy of any document in their court file").

If and when BYRD files a 28 U.S.C. § 2255 motion, she may request discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, provided she can "provide reasons" for the requested discovery.

**ENTERED** this **28th day of April 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE